Daniel J. McKenna (admitted pro hac vice)
mckennad@ballardspahr.com
Stephanie Sheridan (CA 135910)
sheridans@ballardspahr.com
Elliot G. Johnson (CA 317303)
johnsoneg@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

Attorneys for Defendant
Hugo Boss Fashions, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLAY DILANYAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUGO BOSS FASHIONS, INC., et al.,<br><br>Defendants. | Case No. 2:25-cv-05093-JLS-BFM<br><br>**REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS PENDING FCC RULING**<br><br>Date:     June 26, 2026<br>Time:     10:30 a.m.<br>Courtroom: 8A |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## I.      **INTRODUCTION**

This case follows an avalanche of litigation based on a novel misreading of an FCC regulation. Congress delegated quasi-legislative power to the FCC to resolve issues exactly like this. Pursuant to the Primary Jurisdiction Doctrine, Hugo Boss Fashion, Inc.'s ("Hugo Boss") seeks a brief stay of this matter to allow: (1) uniformity in rulings, (2) preserve the FCC's administration of its own regulations, (3) create harmony in the telecommunications industry, (4) to reduce wasted party and judicial resources, and (5) to prevent the tremendous prejudice of proceeding through national class discovery on an unresolved standard of law, already under active consideration by the FCC.

Plaintiff's Opposition rests on a fundamental misunderstanding of Hugo Boss' Motion and the legal landscape that governs it. Plaintiff's central argument relies on the erroneous conflation of *Hobbs Act* Deference (which was eliminated) and the Primary Jurisdiction Doctrine (which applies). Hugo Boss does not ask this Court to defer to the FCC on the meaning of the TCPA.

Rather, Hugo Boss asks that this Court pause its proceedings while the FCC clarifies the scope of its *own regulation* – 47 C.F.R. § 64.1200(c)(1) – specifically, whether a consumer's prior general consent to receive marketing communications forecloses a quiet-hours claim as a matter of law. A regulatory question is within the FCC's delegated quasi-legislative authority, not a question of statutory interpretation subject to *McLaughlin's* independent judgment mandate, contrary to Plaintiff's contention. Most critically, Plaintiff claims Hugo Boss violated the regulation – and not the TCPA itself. The FCC should be permitted to answer that question.

In short, Hugo Boss is not asking the Court to defer on statutory analysis because the issue is not an interpretation of a *statute written by Congress*. The Primary Jurisdiction Doctrine applies, not *Hobbs* or *Chevron* Deference because Hugo Boss is asking the Court to permit the FCC to rule on its *own regulation*.

The implementation of a stay will materially simplify this case and dramatically

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

improve case management. The requested stay is not indefinite. The Court should set periodic status conferences (for example, every six months) to review the status of the stay. Any supposedly perishable records can be protected through a preservation order. Plaintiff's only supposed prejudice will result from a pause in litigation. Therefore, the Public Jurisdiction Doctrine and the balance of hardships weighs heavily in favor of a stay.

Accordingly, Hugo Boss asks this Court to exercise its discretion to stay this action pending the FCC's decision on the Ecommerce Innovation Alliance ("EIA") Petition.

## II.   ARGUMENT

### A.   The Court Should Enter A Stay Pursuant To The Primary Jurisdiction Doctrine.

The Primary Jurisdiction Doctrine is "designed to protect agencies possessing 'quasi-legislative powers' that are 'actively involved in the administration of regulatory statutes.'" *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008) (*quoting United States v. Gen. Dynamics Corp.,* 828 F.2d 1356, 1365 (9th Cir. 1987). "Charged with the administration of the Telecommunications and Federal Communications Acts, the FCC is such an agency." *Id.*

Courts regularly invoke the Primary Jurisdiction Doctrine "to stay proceedings … pending the resolution of an issue within the special competence of an administrative agency." *Clark*, 523 F.3d at 1114; *see also Colette v. CV Scis., Inc.*, 2020 U.S. Dist. LEXIS 93553, at *10 (C.D. Cal. May 22, 2020). Although there is not a "fixed formula," the Primary Jurisdiction Doctrine supports the stay of cases "where there is: '(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.'" *Clark,* 523 F.3d

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM

at 1115 (*quoting Syntek Semiconductor Co. v. Microchip Tech. Inc.,* 307 F.3d 775, 781 (9th Cir. 2002).

### 1.    The doctrinal factors indicate a stay.

(1) The EIA Petition asks the FCC to resolve the following issues: (a.) clarify that the prohibitions in its quiet-hours regulation do not apply if the recipient provided consent to receive marketing communications and (b.) waive the provision for calls/texts to wireless telephones or create a safe harbor since businesses cannot know the location of mobile telephones at the time of each message. The FCC's ruling will specifically impact Plaintiff's claim. Plaintiff admits he consented to receive text messages from Hugo Boss.  Dkt 23-3.  Confirmation by the FCC that an individual's consent precludes a quiet-hours claim will show that Plaintiff does not have a viable claim. Alternatively, the waiver or safe harbor rule may materially reduce the size of the putative class and dramatically simplify the commonality of the putative class.

(2.) Congress expressly delegated the responsibility of issuing regulations governing quiet-hours for telephone solicitations to the FCC. 47 U.S.C. § 227(c). The EIA Petition asks the FCC to clarify its own regulation – 47 C.F.R. § 64.1200(c)(1) – in an exercise of delegated legislative authority.

(3) The TCPA does not merely grant the FCC a single discrete power. It subjects the entire telecommunications industry to a comprehensive legal framework. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012). The quiet-hours provision at issue here is one component of that framework.

(4) Resolving the consent issue requires the FCC's expertise and nationwide uniformity. The TCPA's "essential objective" is to achieve nationwide compatibility in telecommunications policy, and that objective is undermined when individual courts reach conflicting interpretations of the FCC's own regulations. *Bennett v. T-Mobile United States*, *Inc*., 597 F. Supp. 2d 1050, 1053 (C.D. Cal. 2008).

Given the national import and influence of telecommunications regulation, Courts have consistently invoked the Primary Jurisdiction Doctrine to stay or dismiss

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

cases implicating open questions before the FCC to avoid such a patchwork. *See, e.g., Davel Communs., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1090 (9th Cir. 2006) (finding primary jurisdiction doctrine favored a stay to permit the FCC to construe the scope of an order it had issued affecting payphone service rates, and noting "there are currently five requests for [the relevant] construction pending before the FCC," and "[t]he agency has provided some indication that it will determine [the] issue in due course"). "These decisions are grounded in the central focus of the primary jurisdiction doctrine, the desirability of uniform determination and administration of federal policy embodied in the agency's orders." *Id*. at 1089; *see also Hurrle v. Real Time Resolutions, Inc.,* No. C13-5765 BHS, 2014 U.S. Dist. LEXIS 22204, at *4 (W.D. Wash. Feb. 20, 2014) (staying case as issue "is currently being addressed by Congress and the FCC"); *Glauser v. Twilio, Inc.*, No. C 11-2584 PJH, 2012 U.S. DIST. LEXIS 9648, at *5-8 (N.D. Cal. Jan. 27, 2012) ("[T]he FCC's input with respect to these issues is currently being sought…[a]s such, the prerequisites for application of the primary jurisdiction doctrine are satisfied, and allowing the FCC to resolve the foregoing issues prior to adjudicating the issues in the present action, in order to obtain the benefit of the FCC's guidance, is appropriate[.]"); *Mendoza v. UnitedHealth Grp. Inc.,* No. C 13-1553 PJH, 2014 U.S. DIST. LEXIS 1616, at *6 (N.D. Cal. Jan. 6, 2014) ("As the issue raised by [petition for declaratory ruling pending before the FCC] directly overlaps with the legal issues before the court by way of plaintiff's complaint, the court concludes that the FCC is in the process of utilizing its recognized expertise to consider issues pending before the court.)

Accordingly, Hugo Boss respectfully requests that pursuant to the Primary Jurisdiction Doctrine, the Court stay this action, and protect the quasi-legislative power delegated to the FCC.

/ / /

/ / /

/ / /

**4**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

2.      Plaintiff's Hobbs/Chevron Conflation does not defeat the Primary Jurisdiction Doctrine.

Plaintiff cannot avoid the propriety of a stay under the Primary Jurisdiction Doctrine by wrongly arguing that Hugo Boss is seeking leave under *Hobbs Act* or *Chevron* deference or by misapplying *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025) ("*McLaughlin*") and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ("*Loper*"). Opp. at 4-6.

In *Loper*, the Supreme Court held that "in deciding whether an agency acted within its statutory authority," courts may not defer to agencies, and instead "must exercise their independent judgment." 603 U.S. at 412-13. Thus, while the Court rejected *Chevron* Deference to agency interpretations of the scope of delegated authority, it reinforced that "**when a particular statute delegates authority to an agency** consistent with constitutional limits, **courts must respect the delegation**, while ensuring that the agency acts within it." *Id.* at 413 (emphases added).[1]

*McLaughlin* eliminated *Hobbs* Deference to an agency's *interpretation of statutes*, but it said nothing about a court's discretion to stay proceedings pending an action on an agency's *own regulations*.  606 U.S. at 152. As in *Loper*, the Court in *McLaughlin* assessed the deference owed to an agency's interpretation of a statute – in that case, the FCC's interpretation of the meaning of a particular term in the TCPA. *Id*. at 150. Together, *Loper* and *McLaughlin* removed mandatory deference to agencies. However, the Primary Jurisdiction Doctrine persists because *Loper* and *McLaughlin* do not prevent courts from referring legal questions to agencies acting on regulations that they promulgated pursuant to power vested by Congress.

---

[1] It is undisputed that the FCC was acting within the scope of its delegated authority in enacting the quiet-hours regulation.

REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM

3.     *Plaintiff's misunderstanding of the Primary Jurisdiction Doctrine is highlighted by his attempt to distinguish relevant authority supporting the need for a stay.*

Plaintiff identifies four cases cited in Hugo Boss' Motion: *Glauser v. Twilio, Inc.*, 2012 U.S. Dist. LEXIS 9648 (N.D. Cal. Jan. 27, 2012); *Mendoza v. UnitedHealth Grp., Inc.*, 2014 U.S. Dist. LEXIS 1616 (N.D. Cal. Jan. 6, 2014); *Hurrle v. Real Time Resolutions, Inc.*, 2014 U.S. Dist. LEXIS 22204 (W.D. Wash. Feb. 20, 2014); and *Couser v. Pre-Paid Legal Services, Inc.*, 994 F. Supp. 2d 1100 (S.D. Cal. 2014). Opp at 7. Plaintiff concedes that each court granted a stay under the Primary Jurisdiction Doctrine pending a ruling by the FCC on a question relating to the TCPA, but then wrong argues the deference relied upon by each of those courts was abolished by *McLaughlin*. Opp. at 7. As explained further above, *McLaughlin* eliminated *Hobbs* Deference. It did not abolish the Primary Jurisdiction doctrine, which each of the four aforementioned cases correctly employed to invoke a stay. Plaintiff's argument is fatally flawed as it erroneously conflates *Hobbs* Deference and the Primary Jurisdiction Doctrine.

**B.     A Stay Will Materially Simplify This Case And Prevent Further Inconsistent Rulings.**

As explained further above, it is undisputed that Plaintiff consented to receive text messages from Hugo Boss. The FCC's determination of the EIA Petition will likely provide that Plaintiff's consent is a complete defense to quiet-hours claims. If that happens, Plaintiff's case evaporates. If ultimately pointless class discovery proceeds, it will be a substantial waste of party and judicial resources. And, deciding certification under a potentially wrong legal standard could be a reversible error which leads to an even greater waste of time and resources.

Plaintiff argues consent is a factual question which the Court can decide on common evidence. Plaintiff's Opposition misses the point. The FCC's decision would

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM

supply the legal standard (e.g., consent bars quiet-hour claims). It is imperative that the correct standard is applied to the facts.

The EIA Petition also addresses a proposed safe harbor for communications sent to mobile devices based on area-code. The FCC's resolution of that issue will directly affect the feasibility of identifying putative class members and determining liability on a class wide basis – core manageability questions under Rule 23.

Plaintiff urges the Court to interpret the FCC's quiet-hours regulation without delay because other courts have decided the issue. Opp. 6-7 (e.g., "the *King* court dismissed the quiet-hours count…") It is unsurprising that courts have ruled on this issue because a torrent of opportunistic litigation (more than 90 cases filed by a single firm) has ensued based on the same. If all these matters are permitted to proceed on an ambiguous legal issue, inconsistent rulings are inevitable. Invocation of the Primary Jurisdiction Doctrine to stay an action is favored where, like here, "there exists a substantial danger of inconsistent rulings." *Maronyan v. Toyota Motor Sales, U.S.A., Inc.,* 658 F.3d 1038, 1049 (9th Cir. 2011). Entering a stay now aligns with the well-established judicial practice of ensuring the FCC's expertise guides policy decisions within its scope of authority, preserves the uniform regulatory system it oversees, and promotes the interests of judicial efficiency.

### C.    Hugo Boss Does Not Seek An Indefinite Stay.

The EIA Petition is fully submitted, the comment period has closed, and the FCC has the matter under active consideration. The Court should set periodic conferences to review the stay (for example every 6 months) and address any issues of delay in the unlikely event they materialize before the FCC rules on the EIA Petition.

Plaintiff cites *Dependable Highway Express, Inc. v. Navigators Insurance* Co., 498 F.3d 1059 (9th Cir. 2007) and *Hoeun Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000), for the proposition that the proposed stay is impermissibly indefinite. Opp. at 7-8.

REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

However, those cases involved stays with no defined scope, no outer limits, no pending petition, and no prospect of timely resolution. That is not this case.

Plaintiff cites *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) to argue that the Court should not employ the Primary Jurisdiction Doctrine when it would needlessly delay litigation. Opp. at 4-5. In *Astiana* the Ninth Circuit affirmed a district court's employment of Primary Jurisdiction because it involved a complicated issue that Congress committed to the FDA. *Astiana*, 504 F.3d at 761. *Astiana* undercuts Plaintiff's Opposition as it affirms the importance of a stay in a nearly analogous fact pattern.

### D.    The Balance Of Hardships Weighs Heavily In Favor of a Stay.

Hugo Boss faces nationwide class discovery, individualized certification briefing, and potentially inconsistent rulings on an unsettled question, all of which may be soon mooted by an FCC ruling that is already under active consideration. On the other hand, Plaintiff raises concerns of spoliation of evidence pending a stay. Those concerns are easily resolved through entry of a preservation order. Plaintiff has already filed suit and there will be no statute of limitations issues from a stay. The only remaining hardship identified by Plaintiff is delay, which is *de minimis*. Plaintiff chose to file suit based on an unresolved question of law. He cannot now claim prejudice from a brief pause. Therefore, the balance of hardships weighs heavily in favor of a stay.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**8**

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should stay these proceedings pending the FCC's ruling on the EIA Petition.

Dated: June 12, 2026

*/s/ Elliot G. Johnson*
Daniel J. McKenna (admitted *pro hac vice*)
mckennad@ballardspahr.com
Stephanie Sheridan (CA 135910)
sheridans@ballardspahr.com
Elliot G. Johnson (CA 317303)
johnsoneg@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

Attorneys for Defendant
Hugo Boss Fashions, Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Hugo Boss Fashions, Inc., certifies that this brief contains 2,467 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 12, 2026          */s/ Elliot G. Johnson*
Daniel J. McKenna (admitted *pro hac vice*)
mckennad@ballardspahr.com
Stephanie Sheridan (CA 135910)
sheridans@ballardspahr.com
Elliot G. Johnson (CA 317303)
johnsoneg@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

Attorneys for Defendant
Hugo Boss Fashions, Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

**10**
REPLY IN SUPPORT OF HUGO BOSS FASHIONS, INC.'S MOTION TO STAY PROCEEDINGS
Case No. 2:25-cv-05093-JLS-BFM