UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05093-JLS-BFM                                    Date: June 23, 2026
Title:  Nikolay Dilanyan v. Hugo Boss Fashions, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|          Kelly Davis          |          N/A          |
|:-----------------------------:|:---------------------:|
|          Deputy Clerk         |     Court Reporter    |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

          Not Present                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO STAY**
**(Doc. 49)**

Before the Court is a Motion to Stay filed by Defendant Hugo Boss Fashions, Inc. (Mot., Doc. 49.)  Plaintiff Nikolay Dilanyan opposed, and Defendant replied.  (Opp., Doc. 53; Reply, Doc. 54.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for June 26, 2026, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Defendant's Motion.

## I.    BACKGROUND

Between March 12, 2022, and May 8, 2025, Defendant Hugo Boss Fashions, Inc. sent at least 289 text messages to Plaintiff Nikolay Dilanyan's personal cell phone either before 8 a.m. or after 9 p.m.  (Compl. ¶¶ 25–32, Doc. 2.)  On June 4, 2025, Plaintiff initiated this putative class action against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1), by sending text messages during prohibited "quiet hours."  (*Id.* ¶¶ 31, 40, 64–70.)  Plaintiff seeks to represent a class of individuals who have "received more than one telemarketing text message from Defendant . . . during any twelve-month

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05093-JLS-BFM                    Date: June 23, 2026
Title:  Nikolay Dilanyan v. Hugo Boss Fashions, Inc. et al

period . . . where at least one of those messages was sent [during quiet hours]." (*Id.* ¶ 44.)

On December 3, 2025, the Court denied Defendant's motion to compel arbitration and motion to dismiss.  (Doc. 34; Doc. 35.)

Defendant now moves to stay this action pursuant to the primary jurisdiction doctrine, citing the Federal Communication Commission's (FCC's) upcoming decision on a March 2025 petition filed by the Ecommerce Innovation Alliance (EIA).  (Mot. at 9.)  Defendant asserts that as a result of the EIA Petition, the FCC will "clarify [whether] the prohibitions in the quiet hours regulation do not apply if the recipient provided prior consent to receive marketing communications." (*Id.*)

## II.    <u>LEGAL STANDARD</u>

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  "The doctrine is prudential, and applies when 'a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.'" *Tran v. Sioux Honey Ass'n, Cooperative*, 2017 WL 5587276, at *1 (C.D. Cal. Oct. 11, 2017) (quoting *Clark*, 523 F.3d at 1114).  "The doctrine applies only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency . . . and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id.* (quoting *Clark*, 523 F.3d at 1114) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05093-JLS-BFM                                    Date: June 23, 2026
Title:  Nikolay Dilanyan v. Hugo Boss Fashions, Inc. et al

"When a district court determines that primary jurisdiction applies, it enables a 'referral' of the issue to the relevant agency." *Id.* at \*2 (quoting *Clark*, 523 F.3d at 1115). "This means the court either stays proceedings or dismisses the case without prejudice, and the parties seek an administrative ruling—there is no formal transfer between the court and the agency." *Id.* (quoting *Clark*, 523 F.3d at 1115) (internal quotation marks omitted). "No fixed formula exists for applying the doctrine, but courts have traditionally examined the following factors: (1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* (quoting *Clark*, 523 F.3d at 1115) (internal quotation marks omitted). "[C]ourts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims." *Id.* (quoting *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 760 (9th Cir. 2015)). "In *Astiana*, the Ninth Circuit stated that '[u]nder our precedent, 'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction." *Id.* (quoting *Astiana*, 783 F.3d at 760).

III.    **ANALYSIS**

The Court finds that a stay would be inappropriate under the present circumstances.  Defendant does not show that Plaintiff's claim "requires resolution of an issue of first impression, or of a particularly complicated issue" which should be determined by the FCC. *Clark*, 523 F.3d at 1114 (internal citation and quotation marks omitted).  First, Plaintiff's claim does not involve any "new" or "emerging technology," or otherwise raise "technical and policy questions" which are better addressed by agencies rather than courts. *Id.* at 1114–15.  Rather, Plaintiff's allegations merely involve text messages—which have been around for decades—being sent at certain times.  The courts are fully capable of deciding whether consenting to such text messages renders those text messages "not telephone solicitations" such that sending those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05093-JLS-BFM                                Date: June 23, 2026
Title:  Nikolay Dilanyan v. Hugo Boss Fashions, Inc. et al

messages during quiet hours would not violate the TCPA.  (Mot. at 6.)  Indeed,
Defendant appears to agree, stating that "common sense and the fundamentals of
statutory interpretation" may dictate the Court's ruling.  (*Id.* at 8.)

Nor is the issue of how a recipient's consent may exempt a telemarketer from
quiet hours regulations an issue of first impression.  In fact, Defendant cites to a case in
which a court decided this very issue by interpreting the applicable statute and regulation
without needing additional FCC clarification.  (*See* Mot. at 6 (citing *King v. Bon Charge*,
814 F. Supp. 3d 497, 516–17 (D. Del. 2025)).)  And Defendant additionally contends that
"numerous actions have been filed in multiple jurisdictions raising these very same
questions," yet does not identify a single case which has been stayed pending the FCC's
resolution of this issue. (Mot. at 15.)  As courts can, and have, decided the issue raised
by Defendant, Defendant has not demonstrated that there is a need to wait for an FCC
decision before allowing Plaintiff's claim to proceed.  *See Arizona v. Michael D. Lansky
L.L.C.*, 2024 WL 3657129, at *17 (D. Ariz. May 8, 2024) (declining the defendants'
request to stay based on "purported 'open issues' concerning the definition of 'consent'
under the TCPA," in part because "consent in the telemarketing space is not a matter of
first impression, and it is not a particularly complicated legal issue requiring the FTC's or
FCC's expertise").

Moreover, staying this action pending an FCC decision on the EIA Petition may
"needlessly delay the resolution of" Plaintiff's claim.  *Astiana*, 783 F.3d at 760.
Defendant asserts that the EIA Petition was filed on March 3, 2025, and that the public
comment period closed on April 25, 2025.  (Mot. at 9.)  Yet Defendant provides no
information about when the FCC is expected to rule on the EIA Petition, so it is unclear
when the Petition, which has already been pending for one year, will be decided.

Accordingly, the Court concludes that the primary jurisdiction doctrine does not
apply, and this case should not be stayed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05093-JLS-BFM                                    Date: June 23, 2026
Title:  Nikolay Dilanyan v. Hugo Boss Fashions, Inc. et al

IV.     **CONCLUSION**

For the above reasons, Defendant's Motion is DENIED.

Initials of Deputy Clerk: kd